Thomas J. Madden, d/b/a/
Park Motor Sales
Company, App't
vs.
Charles H. Oatley
}
No. 85370.

June 1, 1931.

FROST, J.   Heard upon motion of plaintiff that costs be taxed in his favor.

The action is trover for conversion of an automobile. There was a decision for plaintiff for $106 in the district court and plaintiff appealed to this court, where a verdict was rendered for the plaintiff for $50. Subsequent to the trial in the district court and prior to the trial in this court, defendant returned the automobile to the plaintiff, by whom it was accepted. The testimony indicated with reasonable clearness that the value of the machine plus the amount of the verdict equalled a sum in excess of the decision in the lower court. Under these circumstances has the Court the power and should it allow the plaintiff such costs as would be taxed to him had the verdict been equal to or in excess of the decision in the district court? The Court thinks that it has not this power.

Chapter 1326, Public Laws, January Session, 1929, provides that when an appeal is claimed by the plaintiff and the verdict in the Superior Court, if for the plaintiff, does not exceed the amount awarded him in the district court, he shall recover no costs and shall also pay the defendant's costs.

Costs are granted upon statutory authority. In this case the verdict, while for the plaintiff, was less than the decision of the district court.

The Court is cognizant of 5095 Gen. Laws of R. I. 1923, which reads as follows:

"Sec. 20. In all appeals the Court appealed to, in rendering judgment therein, may award costs for or against the appellant or appellee, or for neither of them, or may apportion the same among the parties appellant or appellee, according to the circumstances of the case, and as shall appear equitable."

It does not think, however, that any discretion granted by this section can be used to nullify the specific provisions of Chapter 1326, supra, nor can it find that this section has been so interpreted.

If, in the instant case, the provisions of this chapter be considered inequit-

able, it is sufficient to say that the plaintiff must be deemed to have had this chapter in mind when he voluntarily accepted the automobile from the defendant.

The motion is denied.

For plaintiff: George Friedman.

For defendant: Thomas B. Sullivan, Ira Marcus.